# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5806 | **DATE** | 3/9/2004 |
| **CASE TITLE** | Stancle vs. Chicago Housing Authority, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss complaint is granted. Accordingly, this case is dismissed. Any pending motion in this case is terminated as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **2** number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | MAR 10 2004 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| ✓ | Mail AO 450 form. | | 3/9/2004 date mailed notice |
| | Copy to judge/magistrate judge. | | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials |

**Document Number**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MINNIE P. STANCLE,           )
                             )
            Plaintiff,       )
                             )
    v.                       )
                             )    No. 03 C 5806
CHICAGO HOUSING AUTHORITY, SHARON )
GIST GILLIAM, A. TISH MERCER, &   )
KEVIN KRUG,                  )
                             )
            Defendants.      )



MEMORANDUM OPINION AND ORDER

Plaintiff Minnie P. Stancle was employed by defendant Chicago Housing Authority ("CHA") as special assistant to defendant Sharon Gist Gilliam beginning in 1999. On May 5, 2003, Ms. Stancle requested that Danny Woods, a CHA employee whose duties included providing transportation to other CHA employees, drive her to an official event. Ms. Stancle arrived at the agreed-upon pickup point five minutes late, and Mr. Woods screamed at and verbally abused Ms. Stancle for a long period of time during the drive. Ms. Stancle feared a physical attack from Mr. Woods. The following day, Ms. Stancle filed a formal written grievance complaining of the abuse she had suffered from Mr. Woods. Upon receiving Ms. Stancle's complaint, defendant Kevin Krug, her supervisor, directed her to withdraw it. On May 19, 2003, defendant A. Tish Mercer, the CHA director of human resources, issued a memo to Ms. Stancle titled "Written warning" and stating in part: "Management was not able to



determine culpability for the incident on May 5, 2003 because both individuals denied accountability...It has been determined that the May 5, 2003 incident is not the first time inappropriate behavior has taken place between the individuals involved, therefore, Management is recommending you contact the Employee Assistance Program ... to seek services for Anger Management and Sensitivity counseling." The same day, Ms. Stancle responded with a memo stating in part: "Danny Woods, as you suggested, should contact the Employee Assistance Program...I, however, do not need or seek counseling because I was the victim of the verbal abuse." Ms. Stancle was placed on paid administrative leave and directed to schedule a meeting with a psychologist, or else her employment would immediately be terminated. On June 12, 2003, Ms. Stancle appeared at an employment hearing where she was presented with a list of charges against her and offered the choice of termination or resigning with three months' pay in accordance with the terms of a document releasing the CHA of liability. Ms. Stancle had three weeks to decide which course of action to take. On June 30, 2003, she informed Mr. Krug that she would not sign the release, and she was fired.

Ms. Stancle then filed this five-count complaint against the defendants, alleging wrongful termination in violation of her First Amendment rights (Count I), wrongful termination in violation of her rights under the Illinois constitution (Count II), retaliatory

discharge (Count III), tortious interference with employment expectancy (Count IV), and intentional infliction of emotional distress (Count V). The defendants move to dismiss the complaint in its entirety for failure to state a claim on which relief can be granted. I GRANT the motion.

On a motion to dismiss, I accept all facts in the complaint as true and dismiss only if it appears beyond a doubt that the plaintiff can prove no facts to support her claim. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002). However, a plaintiff may plead herself out of court by pleading facts that undermine the allegations set forth in the complaint. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). That is what Ms. Stancle has done with respect to her First Amendment count (Count I). Although she cites to no federal statute, I assume that Ms. Stancle intends to base this claim against her employer on 42 U.S.C. § 1983, which provides for a cause of action for the deprivation of constitutional rights by persons acting under color of state law. In order to withstand a motion to dismiss, the facts alleged in the complaint must show that (1) Ms. Stancle engaged in constitutionally protected speech and (2) the CHA retaliated against her because of it. *Wallscetti v. Fox*, 258 F.3d 662, 666 (7th Cir. 2001). Speech by public employees is constitutionally protected by the first amendment if: (1) it addresses an issue of public concern; and (2) the employee's

3

interest in speaking outweighs the interest of the state in efficiently providing services. *Id.* Ms. Stancle makes clear that the allegedly protected speech she is referring to is her written grievance and her memo to Ms. Mercer, which she attaches to the complaint. These documents clearly show that the matter at stake was a personal, not a public concern. This speech concerned the effect the CHA's actions had on Ms. Stancle, not the public, and was addressed solely to her superiors within the CHA, not to a wider audience; these factors strongly suggest that the "speech was not directed toward airing a matter of public concern." *Id.* at 667. Ms. Stancle's argument that the speech was of public concern because of the public policy interest in preventing workplace violence is misplaced; this was a "private personnel dispute rather than an issue in which the public at large would be interested." *Id.* The motion to dismiss is GRANTED as to Count I.

In Count III, Ms. Stancle alleges that she was discharged in retaliation for filing a complaint about Mr. Woods' abuse. But as discussed above, Ms. Stancle did not engage in federally protected activity when she complained of the abuse. Thus, firing her did not violate any federal standard. Because Counts I and III are the only counts in the complaint which even arguably raise federal questions, and because both the plaintiff and the defendants are Illinois citizens, the failure of both counts to present a sustainable federal claim deprives this court of jurisdiction over

4

the remaining claims. The motion to dismiss is GRANTED as to Counts
II through V.

ENTER ORDER

_____
**Elaine E. Bucklo**
United States District Judge

Dated: March 9, 2004